UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

NYDIA NIEVES,

    Plaintiff,

    v.

POPULAR, INC., et al.,

    Defendants.

Civil No. 12-1266 (JAF)

## OPINION AND ORDER

Nydia Nieves is suing her former employer, Popular, Inc., for disability discrimination. Popular claims she filed her EEOC charge and brought suit against the wrong entity; they say she should have filed her complaint against Banco Popular de Puerto Rico. Popular seeks to dismiss Nieves' complaint. Because Popular, Inc., is substantially the same entity as Banco Popular de Puerto Rico, we deny the motion to dismiss and grant Nieves' motion to amend her complaint.

### I.

### Factual and Procedural History

The Plaintiff, Nydia Nieves, was a long-time employee of Popular Inc. (Docket No. 1.) In 2005, Nieves, who has a known disability, began work in a new role as a front-desk receptionist in one of Popular's branch offices. Nieves encountered one difficulty with her new assignment: The bank, for aesthetic reasons, decided to enclose her computer within her desk, instead of having it at eye level. The placement of her computer, which Nieves alleges was unique to her branch office alone, caused Nieves back and shoulder pain. Nieves requested that the computer be relocated. Her supervisor declined to act on her request. Nieves asserts that, over time, the placement of her computer led to a general deterioration in her health.

Civil No. 12-1266 (JAF) -2-

On August 25, 2011, Nieves brought a complaint to the EEOC against Banco Popular de Puerto Rico. On April 20, 2012, Nieves filed suit against Popular, Inc., alleging that she was discriminated against on account of her alleged disability, and that Popular, Inc., failed to accommodate her condition in violation of both federal and Puerto Rico law. On July 9, 2012, Nieves filed a motion to substitute a party and to dismiss the complaint as to Popular, Inc. (Docket No. 10.) Popular opposed. (Docket No. 13.) On July 18, 2012, Nieves made a motion to amend her original complaint and insert the party name "Banco Popular de Puerto Rico" instead of "Popular, Inc." (Docket No. 11.)

## II.

## Analysis

### A. Motion to Dismiss Standard

A plaintiff's complaint will survive a motion to dismiss if it alleges sufficient facts to establish a plausible claim for relief. See Fed.R.Civ.P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In assessing a claim's plausibility, the court must construe the complaint in the plaintiff's favor, accept all non-conclusory allegations as true, and draw any reasonable inferences in favor of plaintiff. San Geronimo Caribe Project, Inc. v. Acevedo-Vila, 687 F.3d 465, 471 (1st Cir. 2012) (citation omitted).

## II.

## Failure to Exhaust Administrative Remedies

Popular points out that Nieves brought her EEOC complaint only against "Banco Popular de Puerto Rico," not "Popular, Inc." (Docket No. 9.) Popular asserts that, because Nieves failed to name "Popular, Inc." in her charge filed before the EEOC, it means Nieves has not exhausted her administrative remedies prior to filing this complaint in federal district court, as required by the ADA. See 42 U.S.C. § 12117(a) incorporating by reference § 2000e–5.

Civil No. 12-1266 (JAF)                                                                                                         -3-

Nieves concedes that her EEOC charge did not mention or name "Popular, Inc.," but that her initial filing before this court did. (Docket No.11.) Instead, Nieves argues that she filed suit against Popular, Inc., to avoid unnecessary delay and that Banco Popular de Puerto Rico and Popular, Inc., are the same entity for purposes of the EEOC notice. Counsel for Nieves further maintains that, in previous, unrelated litigation, "Popular, Inc." has been used as the party name for an initial filing with the correct corporate subsidiary being inserted at a later date.

Before a complainant can sue a defendant under Title VII, he must first file a charge against that party with the EEOC. 42 U.S.C. § 2000e-16(c). Accordingly, it is the general rule that a person or party not named in an EEOC charge is not subject to suit. Adorno-Rosado v. Wackenhut Puerto Rico, Inc., 98 F.Supp.2d 181 (D.P.R. 2000). In McKinnon v. Kwong Wah Restaurant, 83 F.3d 498, 505 (1st Cir. 1996) the First Circuit noted three general exceptions to this rule, including if there was a "substantial identity" shared between the respondent named in the EEOC charges and the defendant in the civil action. See also Sedlacek v. Hach, 752 F.2d 333, 336 (8th Cir. 1985) (holding that the partnership employing the plaintiff and its related corporation, were a "single employer" for jurisdictional purposes). Two entities share a substantial identity when they are so closely related, particularly for purposes of EEOC complaints, that notice to one will reach the other and no prejudice will result from naming one party but not the other. Rodriguez-Fernandez v. First Medical Health Plan, Inc., 2010 WL 5072584 (D. P.R. 2010).

Here, it is clear that the parties before the EEOC and this court share a substantial identity. It is undisputed that Nieves was an employee of Banco Popular de Puerto Rico, a subsidiary of the umbrella corporation Popular, Inc. More importantly, there is no evidence that Popular, Inc., suffered any prejudice by the error; Popular, Inc., does not argue that it did not receive notice of the EEOC charges nor do they claim that, because the correct party was not named initially, it was unable to participate in any proceedings. See De Los Santos v. UBS Financial Services, 2010 WL

Civil No. 12-1266 (JAF) -4-

936150 (D. P.R.). We, therefore, conclude that Popular, Inc., received fair notice related to the EEOC charges and, therefore, consider the administrative remedies exhausted as to it.

Accordingly, the Court holds that Nieves' failure to properly name the correct party in her initial filing does not deprive this court of jurisdiction and, therefore, denies Popular's motion to dismiss. See Baranek v. Kelly, 630 F.Supp. 1107 (D.Mass., 1986); Gonzalez v. Ritz Carlton Hotel Co. of Puerto Rico, 241 F.Supp.2d 142, 145-6 (D .P.R., 2003); Diaz v. PaviaHealth, Inc., 2005 WL 2293578 (D. P.R., 2005); Hernandez-Torres v. Intercontinental Trading, Ltd., 1994 WL 752591 (D.P.R., 1994).

## IV.

### Conclusion

For the foregoing reasons, we hereby **DENY** Defendant's motion to dismiss and **GRANT** Plaintiff's motion to amend.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 30th day of January, 2013.

                                                                        s/José Antonio Fusté
                                                                        JOSE ANTONIO FUSTE
                                                                        United States District Judge